J-S58038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFF DEPOE | : | |
| | : | |
| Appellant | : | No. 376 MDA 2017 |

Appeal from the Judgment of Sentence January 13, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002947-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:  **FILED NOVEMBER 21, 2017**

Appellant, Jeff Depoe, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his open guilty plea to driving under the influence—general impairment ("DUI") and driving while operating privilege is suspended or revoked.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On June 6, 2015, Officer Arnold initiated a traffic stop after he observed Appellant driving erratically.  Due to the belief that Appellant was intoxicated, police administered three field sobriety tests, which Appellant failed.  A search of Appellant's name in the police database also revealed that Appellant's license was suspended.  Police arrested Appellant and

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 1543(b)(1), respectively.

transported him to the police station. At the station, Officer Covey read Appellant PennDOT's DL-26 form, which lists the potential enhanced penalties for failure to submit to a breath test. Appellant subsequently refused to consent to a breath test and signed the DL-26 form. The Commonwealth charged Appellant on July 9, 2015, with DUI—general impairment graded as a first-degree misdemeanor[2] and driving while operating privilege is suspended or revoked. On October 24, 2016, Appellant entered an open guilty plea to both charges, and the court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On January 13, 2017, the court sentenced Appellant to ninety (90) days' imprisonment for the driving while operating privilege is suspended or revoked conviction, and a consecutive term of two (2) to five (5) years'

_____

[2] The Commonwealth graded the DUI—general impairment charge as a first-degree misdemeanor due to Appellant's refusal to submit to a breath test. **See** 75 Pa.C.S.A. § 3803(b)(4) (explaining person who violates Section 3802(a)(1) and refuses breath test commits first-degree misdemeanor). As such, Appellant faced an increased penalty of up to five years' imprisonment. **See** 18 Pa.C.S.A. § 1104 (explaining person who commits first-degree misdemeanor faces sentence of not more than five years). Significantly, this Court has determined that enhanced penalties for failure to submit to a breath test do not run afoul of the United States Supreme Court's decision in **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). **See Commonwealth v. Giron**, 155 A.3d 635, 640 n.13 (2017) (explaining enhanced penalties based on refusal to consent to breath test do not violate Constitution). Thus, Appellant faced a sentence of up to five years' imprisonment if convicted of the DUI—general impairment charge.

imprisonment for the DUI—general impairment conviction. Appellant's sentence for the DUI conviction was above the aggravated range of the sentencing guidelines. The court explained it had considered the following when it imposed Appellant's sentence: (1) Appellant's age and maturity; (2) Appellant's education level; (3) Appellant's significant work history; (4) Appellant's significant prior criminal history, including numerous DUI convictions; (5) the sentencing guidelines; (6) Appellant's character; and (7) statements made by Appellant and counsel. On January 23, 2017, Appellant filed a post-sentence motion for reconsideration of sentence, which the court denied on January 25, 2017. Appellant timely filed a notice of appeal on February 24, 2017. On February 27, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the court granted an extension of time, Appellant filed his Rule 1925(b) statement on March 24, 2017.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION BY SENTENCING [APPELLANT] SEVEN MONTHS BEYOND THE AGGRAVATED RANGE OF THE SENTENCING GUIDELINES, WHERE IT INCORRECTLY STATED THAT IT WAS IMPOSING AN AGGRAVATED RANGE SENTENCE, FAILED TO CONSIDER THE REHABILITATIVE NEEDS OF…APPELLANT AND FAILED TO ADEQUATELY CONSIDER AN ALTERNATIVE SENTENCING PROGRAM THAT [APPELLANT] WAS QUALIFIED FOR?

(Appellant' Brief at 5).

Appellant argues the court failed to provide adequate explanation on

the record for its imposition of a sentence above the aggravated range of the sentence guidelines for his DUI conviction. Appellant maintains the court failed to consider several mitigating factors, including Appellant struggles with addiction, difficult family circumstances, and eligibility for an alternative sentencing program. Appellant also avers the court improperly focused on Appellant's prior criminal history. Appellant further submits the court demonstrated its unawareness of the applicable sentencing guidelines when it erroneously stated Appellant's sentence was an aggravated range sentence. Appellant concludes his sentence is manifestly excessive, and this Court should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[3] *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary

---

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any

- 5 -

challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). Significantly, a claim that the sentencing court imposed a sentence outside the guidelines without stating adequate reasons on the record presents a substantial question. *Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa.Super. 2007) (*en banc*).

Here, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion, Rule 1925(b) statement, and Rule 2119(f) statement. Additionally, his claim that the court imposed a sentence above the aggravated range of the sentencing guidelines without

adequate explanation on the record appears to raise a substantial question as to the discretionary aspects of his sentence. ***See id.***

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." ***Commonwealth v. Crump***, 995 A.2d

1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id.*** "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, the court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant factors when it sentenced Appellant. ***See Tirado, supra*** at 368 (holding where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court also thoroughly explained its reasons for Appellant's sentence as follows:

> Here, the [c]ourt did not abuse its discretion when it sentenced [Appellant]. At the sentencing hearing, [Appellant] faced a possible maximum sentence of up to [five (5)] years' confinement for [the DUI conviction] and ninety (90) days for [the driving while operating privilege is suspended or revoked conviction]. However, after being informed by [Appellant's PSI report] and sentencing guidelines, statements by [Appellant] and the Commonwealth, the court sentenced [Appellant] to [two (2) to five (5)] years' confinement.
>
> In its opinion, the [c]ourt specifically noted that [Appellant] is 48 years of age, indicating sufficient maturity to understand the significance of his acts.

- 8 -

> [Appellant] has his GED which indicates he is intelligent enough to understand his acts. He is able to read, write, and understand the English language. [Appellant] does have significant work history, which indicates he is capable of following directions. [Appellant] also has significant prior criminal history including six previous arrests for drunk driving, this being his seventh such offense since 1993. Additionally, there are convictions for simple assault, misdemeanor disorderly conduct, furnishing intoxicants to minors, and recklessly endangering [another person]. Moreover, since being on supervision, there were twelve (12) different occasions when [Appellant] violated the terms of his supervision. These circumstances demonstrate that the [c]ourt did not sentence [Appellant] to a manifestly excessive or clearly unreasonable sentence. As such, the claims of error are without merit.

(**See** Trial Court Opinion, filed May 4, 2017, at 3-4).[4] The record supports the court's reasoning. Therefore, Appellant's sentencing challenge fails. **See Hyland, supra**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2017

---

[4] Appellant's sentence of two (2) to five (5) years' imprisonment for his first-degree misdemeanor DUI—general impairment conviction was within the applicable statutory limits. **See** 75 Pa.C.S.A. § 3803(b)(4); 18 Pa.C.S.A. § 1104.